Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III[1]

| | | |
|---|---|---|
| JOSÉ MANUEL NAVAS MARÍN<br><br>Demandante Apelado<br><br>v.<br><br>LUMA ENERGY<br><br>Demandada Apelante | KLAN202500537 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Civil Núm.: MZ2025CV00506 (Salón 307)<br><br>Sobre: *Injunction* (Entredicho Provisional, *Injunction* Preliminar y Permanente), Daños |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Salgado Schwarz y el Juez Monge Gómez.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de julio de 2025.

Comparece LUMA Energy LLC (LUMA o apelante) vía recurso de apelación y solicita que revoquemos la *Sentencia* del Tribunal de Primera Instancia, Sala Superior de Mayagüez, emitida el 25 de abril de 2025. En dicho dictamen, se le ordenó a la apelante no desconectar y/o interrumpir el servició de energía eléctrica de la propiedad del señor José Manuel Navas Marín (señor Navas Marín o apelado), además de presentar la prueba de la alegada deuda del apelado. Por los fundamentos que expresaremos, revocamos la *Sentencia* recurrida.

En síntesis, el caso de epígrafe trata de una demanda sobre orden de entredicho provisional, *injunction* preliminar, *injunction*

---

[1] Mediante la Orden Administrativa DJ-2024-062C emitida el 6 de mayo de 2025 se designó al Hon. Carlos I. Candelaria Rosa, Presidente del Panel III, en sustitución del Hon. Félix R. Figueroa Cabán, quien se acogió al retiro el 5 de mayo de 2025.

permanente, y daños y perjuicios. Según el expediente, y en lo pertinente a nuestra determinación, se alega que en el 2021 la Autoridad de Energía Eléctrica (AEE) determinó que el señor Navas Marín tenía una deuda de sesenta mil noventa y un dólares con veintiocho centavos ($60,091.28), a causa de una irregularidad en el contador de la propiedad que estuvo presente desde el 1993. A esos efectos, el señor Navas Marín acordó un plan de pago con la AEE, el cual conllevaría un abono de quince mil ($15,000.00) dólares a la deuda y un pago mensual para saldar la restante deuda de cuarenta y cinco mil noventa y un dólares con veinte ocho centavos ($45,091.28). Para julio de 2022, el balance restante era de veintinueve mil novecientos diez dólares con ochenta y nueve centavos ($29,910.89).

No obstante lo anterior, entre julio de 2022 y el 22 de octubre de 2022—y luego de LUMA convertirse en la corporación que suministraría el servicio de energía eléctrica—la residencia del apelado alegadamente experimentó unas variaciones de voltaje que conllevó daño a algunos enseres, lo cual culminó con la explosión de un transformador frente a su propiedad, que afectó todos sus equipos y el sistema eléctricos de la residencia, a la vez que dejó al apelado sin servicio eléctrico por cuatro (4) días. A esos efectos, el señor Navas Marín hizo una reclamación de daños sufridos ante LUMA. Además, el apelado dejó de hacer abonos a la deuda, aunque siguió pagando el cargo mensual facturado.

Luego de LUMA argumentar su falta de responsabilidad por los daños reclamados, ambas partes acordaron un nuevo plan de pago. No obstante, desde este momento en adelante las partes experimentaron una serie de controversias que, según el apelado, redundan en (1) una

constante facturación que no va en acorde con el plan de pago; (2) la suspensión del servicio eléctrico a la residencia del apelado; (3) unas reclamaciones y reuniones ante LUMA que terminaban en el pago de un nuevo abono y la restauración de la conexión eléctrica; y (4) la repetición cíclica de todo lo anterior. Asimismo, el señor Navas Marín alegó que LUMA le informó que comenzaron un proceso de investigación sobre el asunto, el cual no ha concluido.

A razón de ello, el señor Navas Marín presentó una demanda contra LUMA, al igual que solicitó remedio provisional para que el Tribunal de Primera Instancia ordenara a LUMA no desconectar el servicio eléctrico en lo que se resolvía el asunto de facturación. Luego de anotar la rebeldía de LUMA, y evaluada toda la evidencia presentada, el Tribunal recurrido emitió *Sentencia* en rebeldía y ordenó a la apelante a no desconectar y/o interrumpir el servicio de energía eléctrica en la propiedad del demandante. Ante la solicitud de reconsideración de LUMA, dicho foro resolvió sin lugar.

Insatisfecha, la apelante recurre ante este Tribunal y alega que el Tribunal de Primera Instancia erró al resolver un caso en la cual el Negociado de Energía de Puerto Rico (NEPR) tiene jurisdicción primaria exclusiva sobre todos los asuntos relacionados con la facturación del servicio eléctrico. La parte recurrida no presentó alegato en oposición, aun cuando se le dio la oportunidad.

Vale recordar que la jurisdicción es "el poder o autoridad con que cuenta un tribunal para considerar y decidir los casos y las controversias". *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020) (citando a *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019)). En función de ello, los tribunales deben constatar su

jurisdicción y carecen de discreción para asumirla si no la poseen. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374 (2020) (citando a *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882) (2007)). Como consecuencia, cuando un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso. *Cancel Rivera v. González Ruiz*, 200 DPR 319 (2018). Una sentencia dictada sin jurisdicción es nula en derecho y se considera inexistente. *Shell v. Srio. Hacienda*, 187 DPR 109 (2012). Ante dicho escenario, la Regla 83 del *Reglamento del Tribunal de Apelaciones* contempla la desestimación o denegación de un recurso por carecer de jurisdicción para atenderlo en sus méritos. Véase Regla 83(B) y (C) del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).

En lo atinente a la controversia ante nos, unos de los fundamentos para solicitar la desestimación de una demanda es que no existe jurisdicción sobre la materia o la persona. Regla 10.2 de Procedimiento Civil de 2009 (32 LPRA Ap. V). La jurisdicción sobre la materia es la capacidad del tribunal para atender y resolver una controversia sobre un aspecto legal, por lo cual la ausencia de la misma no es susceptible de ser subsanada, al igual que las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela. *Cobra Acquisitions v. Mun. de Yabucoa et al.*, 210 DPR 384 (2022) (citando a *Fuentes Bonilla v. ELA et al.*, 200 DPR 364 (2018)). Por tanto, de un tribunal determinar que carece de jurisdicción sobre la materia, solo puede declararlo así y desestimar el caso. Íd. (citando a *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89 (2020); *Lozada Sánchez et al. v. JCA*, 184 DPR 898 (2012)).

Ahora bien, la doctrina de la jurisdicción primaria trata de cuál foro atendería el caso en controversia en primera instancia. *Beltrán Cintrón v. ELA*, 204 DPR 89 (2020) (citando a D. Fernández Quiñones, *Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme*, 3.ª ed., Bogotá, Ed. Forum, 2013, pág. 562). Esta jurisdicción primaria consiste en dos vertientes: la primaria concurrente y la primaria exclusiva. Íd. La jurisdicción primaria concurrente aplica cuando la ley permite que la reclamación se inicie en la agencia o en el tribunal, mientras que la jurisdicción primaria exclusiva aparece cuando la propia ley establece que el foro administrativo tendrá jurisdicción inicial exclusiva para entender en la reclamación. Íd. (citando a *Rodríguez Rivera v. De León*, 191 DPR 700 (2014); *Báez Rodríguez v. ELA*, 179 DPR 231 (2010); *SLG Semidey Vázquez v. ASIFAL*, 177 DPR 657 (2009)). A pesar de esto último, ante una ley que no aclara si provee o no jurisdicción exclusiva a un foro administrativo, es necesario evaluar si ello ha sido dispuesto expresamente en la ley o si surge de esta por implicación. Íd. (citando a *Báez Rodríguez v. ELA*, *supra*). Asimismo, la jurisdicción primaria exclusiva meramente pospone la revisión judicial, hasta tanto el organismo administrativo emita su determinación final. Íd. (citando a *SLG Semidey Vázquez v. ASIFAL*, *supra*).

De su parte, el Artículo 6.4 de la Ley Núm. 57-2014 (22 LPRA sec. 1054c) dispone que el NEPR tendrá jurisdicción primaria exclusiva sobre, en lo pertinente, los casos y controversias relacionadas con la revisión de facturación de las compañías de energía a sus clientes por los servicios de energía eléctrica. A esos efectos, todo cliente podrá objetar o impugnar cualquier ajuste de la factura de servicio eléctrico y

solicitar una investigación por parte de la compañía de servicio eléctrico dentro de un término de treinta (30) días, contados a partir del envío de dicha factura a través de correo electrónico o, de enviarse mediante correo regular, a partir de los treinta y tres (33) días siguientes a la fecha de la expedición de la factura. Sec. 4.01 del Reglamento sobre el Procedimiento para la Revisión de Facturas y Suspensión del Servicio Eléctrico por Falta de Pago, Reglamento Núm. 8863 de 1 de diciembre de 2016. Asimismo, se dispone claramente que si el cliente inicia un procedimiento administrativo informal de objeción de factura ante la compañía de servicio eléctrico, dicha compañía no podrá iniciar un proceso de suspensión de servicio en relación con la cantidad impugnada hasta tanto haya culminado dicho procedimiento y la determinación del mismo advenga final y firme. Íd., págs. 21-22.

Además, los clientes deberán agotar los remedios de objeciones de facturas ante la compañía de servicio eléctrico antes de solicitar una revisión ante el NEPR. Íd., pág. 4. Todo cliente, de estar insatisfecho con la decisión final de la compañía de servicio eléctrico, tendrá treinta (30) días, contados a partir de la fecha de notificación de la decisión final, para solicitar revisión ante el NEPR. Íd., pág. 19. De estar inconforme con la resolución final del NEPR, el cliente podrá acudir al Tribunal de Apelaciones mediante un recurso de revisión judicial. Íd., pág. 21.

En el presente caso, el Tribunal de Primera Instancia erró al considerar la demanda del apelado. Del expediente se desprende que la controversia presentada mediante demanda trata de la facturación de LUMA contra el señor Navas Marín, un tema que nuestro ordenamiento reserva como de jurisdicción primaria exclusiva del NEPR. Por tanto,

al actuar así sin jurisdicción, la *Sentencia* emitida por el Tribunal de Primera Instancia es nula.

No obstante, apercibimos a ambas partes que el apelado podrá objetar y solicitar investigación de la factura ante LUMA treinta (30) días después del envío de dicha factura a través de correo electrónico, o treinta y tres (33) días después de la fecha de la expedición de la factura por correo regular. Luego de LUMA emitir una decisión final en cuanto a su investigación, el apelado tendrá treinta (30) días, contados a partir de la fecha de notificación de dicha decisión final, para solicitar revisión ante el NEPR. Asimismo, en virtud de la Sección 6.04 del Reglamento sobre el Procedimiento para la Revisión de Facturas y Suspensión del Servicio Eléctrico por Falta de Pago, *supra*, págs. 21-22, LUMA no podrá suspender el servicio eléctrico relacionado con la cantidad impugnada hasta tanto haya culminado el proceso investigativo y que la determinación del mismo advenga final y firme.

Por los fundamentos expresados, revocamos la *Sentencia* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones